IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARL S. GORDON                    *

        Plaintiff            *

  vs.                            * CIVIL ACTION NO. MJG-01-2878

SHEILA SHETHS, M.D., et al.       *

        Defendants           *

*       *       *       *       *       *       *       *       *

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiff alleges that on April 1, 1994, a former Johns Hopkins Urologist performed "an unneeded and unauthorized penile surgery ("circumcision") on him at an unidentified hospital in Washington, D.C. Second Amended Complaint, ¶ 6.[1] Plaintiff allegedly suffered ill effects from the operation.

From time to time from August 7, 1995 to August 10, 1999, Plaintiff presented for treatment and service at Defendant Johns Hopkins Hospital. It suffices for present purposes to note that Plaintiff alleges that Johns Hopkins Hospital, various of its

---

[1] On October 15, 2001, Plaintiff filed "Plaintiff [sic] Amendment to his Complaint." On October 23, 2001, Plaintiff filed "Plaintiff [sic] Amendment and Supplement to His Amended Complaint of October 15, 2001." he latter document is referred to as the "Second Amended Complaint."

employees and others, did not provide him with competent medical treatment.  In the Second Amended Complaint Plaintiff asserts claims for:

| Count | Claim |
|---|---|
| I | Negligence |
| II | Lack of Informed Consent |
| III | Conspiracy |
| IV | Abuse of Process |
| V | Malicious Interference |
| VI | Fraud |
| VII | Violation of Civil Rights |
| VIII | Deceit and Hate |
| IX | Slander |
| X | Punitive Damages |

Plaintiff and Defendant are citizens of Maryland. Therefore, the case cannot be in federal court by virtue of diversity jurisdiction.  28 U.S.C. § 1332.  The case must be dismissed unless the Amended Complaint includes a viable federal law claim.

The only potential federal cause of action is alleged in Count VII of the Second Amended Complaint.  Therein, Plaintiff alleges violations of his civil rights.  In particular, Plaintiff alleged that his civil rights were violated due to Defendant's:

    1.    Refusal to conduct a nerve conduction study when Plaintiff was allegedly referred for such a study because of Plaintiff's race. Second Amended Complaint ¶ 105.

    2.    Making false and misleading medical reports to cover up the alleged malpractice of the white physician who performed the circumcision at issue. Id.

    3.    Failing to take action to insure that Plaintiff received proper medical care. Id.

Plaintiff claims federal jurisdiction under 28 U.S.C. § 2000a. Second Amended Complaint ¶ 1. Presumably, Plaintiff is claiming that the Complaint presents a federal question under 28 U.S.C. § 2000a so that there would be federal jurisdiction under 28 U.S.C. § 1331.[2]

With respect to his civil rights claim in Count VII, Plaintiff seeks Ten Million Dollars in compensatory damages plus interest and costs. However, 28 U.S.C. § 2000(a) does not provide any award of damages. As held in Bass v. Parkwood Hospital,

> 42 U.S.C. § 2000a (1999) prohibits even private discrimination on the grounds of race, color, or religion in places of public accommodations. Unlike many other civil rights statues, however, 42 U.S.C. § 2000a

---

[2] Plaintiff's sweeping generalities and nonspecific citation to decisions dated from 1918 to 1982 in his response to Defendant's motion does not constitute the pleading of any discernible potentially viable federal cause of action.

3

>   allows only for prospective relief and does
>   not authorize damage awards.

Even if the Amended Complaint were construed to seek injunctive relief, Plaintiff has not pleaded a basis for such relief. Plaintiff alleges that he continues to suffer from Defendant's failure to provide proper medical care. This may entitle him to damages for continuing injury but does not set forth viable claim for any civil rights based injunctive relief. By no means does Plaintiff present a factual basis upon which a court could conceivably require the Defendant to treat Plaintiff in view of the multitude of claims that Plaintiff has presented against the Defendant.

The Court notes that Plaintiff has alleged that Defendant Johns Hopkins committed a variety of state law torts against him. If Plaintiff can prove what he claims he would be entitled to damages, perhaps substantial damages. However, Plaintiff, as a Maryland citizen suing Hopkins Hospital, a Maryland citizen, must pursue his claims in state court.

For the foregoing reasons:

   1. Defendant's Motion to Dismiss is GRANTED.

   2. Judgment shall be entered by separate Order.

4

    3.    This action is without prejudice to the right of Plaintiff to pursue whatever legal claims he may have in state court.

SO ORDERED this _7th_ day of January, 2002.

                                                  Marvin J. Garbis
                                      United States District Judge